**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| YONAH EL, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION NO. 5:19-CV-74 (MTT) |
| | ) |
| Governor BRIAN KEMP, *et al.*, | ) |
| | ) |
|       Defendants. | ) |

## ORDER

Plaintiff Yonah El has moved for a protective order and an injunction prohibiting state and local authorities from arresting the Plaintiff.[1] Doc. 9. The Plaintiff states that deputies of the Houston County Sheriff's Office arrested him, claiming that it was for a probation violation, when, in fact, they arrested him in retaliation for filing a complaint against them (Doc. 1).[2] *Id.* at 3. The Plaintiff attached a copy of his probation officer's petition for revocation of probation to his motion. Doc. 9-1.

"A party or any person *from whom discovery is sought* may move for a protective order." Fed. R. Civ. P. 26(c) (emphasis added). Discovery has not yet been sought from the Plaintiff. The Plaintiff is thus not entitled to a protective order.

---

[1] In his motion, the Plaintiff also requested the Court grant him a second extension to comply with the Court's order to recast his complaint (Doc. 6). Doc. 9 at 4. On May 14, 2019, the Court ordered the Plaintiff to show cause and recast his complaint by May 24, 2019. Doc. 10. Accordingly, the Plaintiff's partial motion for a second extension to recast his complaint (Doc. 9) is **DENIED as moot**.

[2] The Court ordered the Plaintiff to recast his complaint on March 19, 2019. Doc. 5. The Plaintiff has not yet recast his complaint. Therefore, the Defendants have not been served and thus, have not received notice of the Plaintiff's case against them.

Additionally, an injunction is an extraordinary and drastic remedy, and a court may only grant an injunction if the movant clearly establishes that "(1) it has a substantial likelihood of success on the merits, (2) the movant will suffer irreparable injury unless the injunction is issued, (3) the threatened injury to the movant outweighs the possible injury that the injunction may cause the opposing party, and (4) if issued, the injunction would not disserve the public interest." *Horton v. City of St. Augustine, Fla.*, 272 F.3d 1318, 1326 (11th Cir. 2001) (citation omitted). The Plaintiff has not established that he has a substantial likelihood of success on the merits, as he has not yet recast his complaint. The Plaintiff has also failed to establish the remaining elements. The Plaintiff is thus not entitled to an injunction.

For the foregoing reasons, the Plaintiff's motion for a protective order and an injunction (Doc. 9) is **DENIED**.

**SO ORDERED**, this 17th day of May, 2019.

                                             S/ Marc T. Treadwell
                                             MARC T. TREADWELL, JUDGE
                                             UNITED STATES DISTRICT COURT