**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **YONAH EL,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CHRISTOPHER THOMAS LEE,**<br><br>**Defendant.** | ) | **CIVIL ACTION NO. 5:19-CV-74 (MTT)** |

## ORDER

Defendant Christopher Thomas Lee has moved for summary judgment. Doc. 25. For the following reasons, that motion is **GRANTED**.

## I. BACKGROUND[1]

On May 24, 2018, Plaintiff Yonah El and his friend were traveling from Atlanta to Warner Robins in a car that El was driving. Docs. 12 at 2; 28-1 at 2. Lee, a police officer with the Warner Robins Police Department, was on patrol and pulled El over, claiming that his radar registered El's vehicle traveling 62 MPH in a 45 MPH zone. Docs. 28-1 at 5; 25-1 ¶ 4; 25-3 ¶ 4. Lee asked El for his driver's license, but El refused to comply with this request, and El was eventually arrested for speeding and obstruction of a police officer. Docs. 25-3 ¶¶ 6, 7, 8, 9; 12 at 4. El argues that he was not speeding and, therefore, was not required to comply with Lee's request to produce his driver's

[1] Unless otherwise stated, the facts are undisputed and are viewed in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citation omitted).

license. Doc. 28-1 at 3, 10, 12. When his case went to trial, a jury convicted El of driving with a suspended license, speeding, and obstruction of an officer. Docs. 33-2 at 2; 34 at 6. In his complaint, El alleges that he timely appealed his convictions, but the trial judge "sat on the appeal for 30 days" and then did "not accept the appeal but refused to state why." Doc. 12 at 6. Although not clear, it appears that because of delay in transmitting the record, the appeal was dismissed. *Id*. What is clear is that the court of appeals informed El of a process to force the trial court into releasing the necessary information for review. *Id*. But because El had served most of his sentence, he "opted to file a civil law suit." *Id*.

In his lawsuit, El contends that because he was not speeding, Lee had no reason to stop him and thus the stop violated his Fourth Amendment rights. Doc. 28-1 at 3, 10, 12. In his motion for summary judgment, Lee argues that "sufficient probable cause existed to warrant the traffic stop and subsequent arrest of [El], and that no Constitutional violation occurred." Doc. 25-2 at 5-8. Lee further argues that *Heck v. Humphrey* bars El's claim because his allegation that Lee had no reason to stop him necessarily implies his state court convictions were invalid. Doc. 33 at 4.

## II. STANDARD

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is not genuine unless, based on the evidence presented, "'a reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th

Cir. 1991)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant may support its assertion that a fact is undisputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "When the *nonmoving* party has the burden of proof at trial, the moving party is not required to 'support its motion with affidavits or other similar material *negating* the opponent's claim' in order to discharge this 'initial responsibility.'" *Four Parcels of Real Prop.*, 941 F.2d at 1437-38 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Rather, "the moving party simply may 'show[]—that is, point[] out to the district court—that there is an absence of evidence to support the nonmoving party's case.'" *Id.* (alterations in original) (quoting *Celotex*, 477 U.S. at 324). Alternatively, the movant may provide "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *Id.*

The burden then shifts to the non-moving party, who must rebut the movant's showing "by producing … relevant and admissible evidence beyond the pleadings." *Josendis v. Wall to Wall Residence Repairs, Inc*., 662 F.3d 1292, 1315 (11th Cir. 2011) (citing *Celotex*, 477 U.S. at 324). The non-moving party does not satisfy its burden "if the rebuttal evidence 'is merely colorable, or is not significantly probative' of a disputed fact." *Id.* (quoting *Anderson*, 477 U.S. at 249-50). Further, where a party fails to address another party's assertion of fact as required by Fed. R. Civ. P. 56(c), the Court may consider the fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2). However, "credibility determinations, the weighing of the evidence, and the drawing of

legitimate inferences from the facts are jury functions, not those of a judge …. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## III. DISCUSSION

### A. False Arrest

The Fourth Amendment to the United States Constitution protects the right to be free from unreasonable searches and seizures. U.S. Const. amend. IV. A seizure takes place "[w]henever a police officer accosts an individual and restrains his freedom to walk away." *United States v. Brignoni-Ponce*, 422 U.S. 873, 878 (1975). "When a police officer stops an automobile and detains the occupants briefly, the stop amounts to a seizure within the meaning of the Fourth Amendment." *Whren v. United States*, 517 U.S. 806, 809-10 (1996). The Fourth Amendment requires that all searches and seizures be reasonable. *Id*. "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Id*.

An officer may formally arrest a suspect when probable cause exists that any crime has been committed. "Probable causes exists when 'the facts and circumstances within the officers' knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Jordan v. Mosley*, 487 F.3d 1350, 1355 (11th Cir. 2007) (quoting *Miller v. Harget*, 458 F.3d 1251, 1259 (11th Cir. 2006)). If probable cause exists for an arrest, then the arrest is constitutional, and a Fourth Amendment false arrest claim will fail. *Id.* (citing *Wood v.*

*Kesler*, 323 F.3d 872, 878 (11th Cir. 2003)); *Marx v. Gumbinner*, 905 F.2d 1503, 1506 (11th Cir. 1990). In short, probable cause is "an absolute bar to a section 1983 claim for false arrest." *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996).

**B. *Heck v. Humphrey***

Lee argues that, pursuant to *Heck*, El's convictions necessarily establish that he had probable cause both to stop and arrest El. Doc. 33 at 3-4. In *Heck*, the Supreme Court held that

> in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

El argues that *Heck* does not apply here because he has been released from custody and habeas relief is no longer available. Doc. 34 at 10. El reasons that because he can no longer satisfy the requirement that his underlying convictions[2] were "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal

[2] El does not argue that his underlying convictions are unrelated to his § 1983 claim. If that were the case, *Heck* would not apply because there would be no underlying conviction to undermine. *Henley v. Payne*, 945 F.3d 1320, 1328 (11th Cir. 2019) (holding "*Heck* has no application if the plaintiff has not been convicted of an offense that derives from a common nucleus of operative fact with the offense underlying his § 1983 claim.").

court's issuance of habeas corpus," *Heck* should not bar his case. *Heck*, 512 U.S. at 486-487; Doc. 34 at 12-13. Some Circuits have held that *Heck* does not apply when habeas relief is no longer available, but the Eleventh Circuit is not one of them. *See Huang v. Johnson*, 251 F.3d 65, 75 (2d Cir. 2001); *Nonnette v. Small*, 316 F.3d 872, 874 (9th Cir. 2002); *Reilly* v. Herrera, 622 Fed. App'x. 832, 834 (11th Cir. 2015) (stating that the Eleventh Circuit has not explicitly ruled on the issue).

This potential limitation of *Heck* stems from a concurring opinion by Justice Souter in *Spencer v. Kemna*, in which he suggested *Heck*, in some circumstances, would not bar a § 1983 claim when habeas relief was no longer available. 523 U.S. 1, 21 (1998) (Souter, J., concurring). In unpublished decisions, the Eleventh Circuit has narrowly interpreted Justice Souter's suggestion. In those decisions, the Circuit held that *Heck* applied to claims brought by former prisoners who had the opportunity to challenge their underlying convictions but failed to do so. *Reilly*, 622 Fed. App'x. at 834; *Vickers v. Donahue,* 137 Fed. App'x. 285, 290 (11th Cir. 2005). The Court finds that reasoning persuasive and thus rejects El's argument that, as a former prisoner, *Heck* does not apply to him. El does not deny that he had an opportunity to seek review of his convictions. He simply "opted" to seek a civil remedy. Doc. 12. at 6. Accordingly, the Court turns to the question of whether *Heck,* in fact, bars El's claim.

When applying *Heck* to § 1983 claims brought by plaintiffs who had not satisfied the favorable termination requirement, the Eleventh Circuit has focused on whether a plaintiff's claims, if successful, could factually coexist with the underlying criminal conviction. If a § 1983 claim would "inevitably undermine [an underlying criminal] conviction," then that claim is barred. *Vickers*, 137 Fed. App'x. at 290; *see also Christy*

*v. Sheriff of Palm Beach Cnty*., *Fla*., 288 Fed. App'x. 658, 666 (11th Cir. 2008) (stating a claim is barred by *Heck* when "any relief granted on [the § 1983] claims would necessarily undermine the validity of [the underlying criminal] conviction.").

It is clear that El's false arrest claim cannot factually coexist with his state court convictions. For El to succeed on his § 1983 claim, he would need to show there was no probable cause to arrest him for speeding or obstruction. *See Wood*, 323 F.3d at 878. If, as El contends, he was not speeding when Lee measured his speed, then his conviction for speeding would necessarily be invalid. Similarly, if he did not actually obstruct the officer, his conviction for obstruction would necessarily be invalid. Therefore, because El's § 1983 claim would imply the invalidity of his underlying convictions, *Heck* clearly bars his claim.

**C. Effect of a State Court Conviction**

Even if *Heck* did not apply because El is no longer incarcerated, his convictions still establish that Lee had probable cause to arrest El. That is because a "state court judgment must be given [the] same preclusive effect in section 1983 suits in federal court as would be given in courts of issuing state." *Barts v. Joyner*, 865 F.2d 1187, 1194 n.5 (11th Cir. 1989) (citing *Migra v. Warren City Sch. Bd. of Educ.*, 564 U.S. 75 (1984)).

In *Stephens v. DeGiovanni*, a plaintiff brought a § 1983 false arrest claim against a deputy sheriff, even though he had previously pled no contest to driving without a valid license—the reason the deputy arrested him. 852 F.3d 1298, 1319 (11th Cir. 2017). Notwithstanding his plea, the plaintiff argued in his civil case that the deputy "did not have probable cause to arrest him." *Id.* The Eleventh Circuit held that because

under Florida law a "judgment of conviction[3] is conclusive evidence of probable cause," the plaintiff's previous conviction established the existence of probable cause. *Id.* Accordingly, the Circuit affirmed the district court's dismissal of the false arrest claim. *Id.* at 1320.

In Georgia, just as in Florida, a criminal conviction is "conclusive of probable cause unless there was fraud." *Kelly v. Serna*, 87 F.3d 1235, 1241 (11th Cir. 1996) (citing *Monroe v. Sigler*, 256 Ga. 759, 761, 353 S.E.3d 23, 25 (1987)). The Georgia Supreme Court "has suggested that the fraud exception may be warranted when the plaintiff provides evidence of perjured testimony or 'intentional corruption of the criminal trial,' such as bribing judges." *Jannuzzo v. Glock*, 721 Fed. App'x. 880, 883 (11th Cir. 2018) (quoting *Akins v. Warren*, 258 Ga. 853, 375 S.E.2d 605, 606 (1989)). But the plaintiff must produce evidence of fraud, mere theories or assertions are not sufficient. *Condon v. Vickery*, 270 Ga. App. 322, 325, 606 S.E.2d 336, 339 (2004).

The Georgia Supreme Court decision in *Akins* is instructive. 258 Ga. at 853, 375 S.E.2d at 606. In *Akins*, a plaintiff sued a former employer for malicious prosecution[4] after the employer accused the plaintiff of theft. At the summary judgment stage, the employer presented evidence that the trial judge in the underlying criminal case had denied a motion for directed verdict of acquittal.[5] Because of that evidence, the burden shifted to the plaintiff to come forward with evidence that the denial was procured by

[3] The Circuit noted that under Florida law a no contest plea is within the definition of a conviction.

[4] Like a claim for false arrest, the existence of probable cause bars a claim for malicious prosecution. *J.C. Penny Co. v. Miller*, 182 Ga. App. 64 (1987).

[5] The denial of a motion for directed verdict of acquittal, like a jury conviction, is evidence of probable cause. *Monroe v. Sigler*, 256 Ga. 759, 761 (1987).

fraud. The plaintiff produced no rebutting evidence, and the Georgia Supreme Court held that summary judgement was properly granted. *Id.* at 854, 375 S.E.2d at 606.

Here, El was convicted by a Houston County jury for speeding and obstruction—the reasons for his arrest—and those convictions establish that probable cause existed to arrest El. Docs. 33-2; 12 at 4; *see Monroe,* 256 Ga. at 761, 353 S.E.3d at 25. To rebut this evidence, El must come forward with evidence that his convictions were procured by fraud. It appears that El attempts to do this by asserting that Lee committed perjury. But El has not presented any evidence that Lee committed perjury in the underlying criminal trial; instead, he has made mere allegations.[6] Docs. 12 at 5; 28-1 at 5; 34 at 6. Simply accusing Lee of perjury is not evidence of perjury and is accordingly insufficient to show that the state court convictions cannot establish that probable cause was present.[7] *Condon*, 270 Ga. App. at 325, 606 S.E.2d at 339.

Therefore, because El was convicted of speeding and obstruction, and he has not come forward with evidence that he was convicted due to fraud, there is conclusive evidence that probable cause existed at the time of his arrest. Accordingly, Lee is entitled to summary judgment.

[6] El argues that the criminal trial transcript would show Lee committed perjury. Doc. 28-1 at 4-5. However, he has not filed the trial transcript despite being told by the Houston County Clerk of Court how he can obtain it. Doc. 34-2 at 3.

[7] El also argues that dash camera video establishes he was not speeding. Doc. 28-1 at 7. El argues that the video shows the car he was driving was four car-lengths ahead of another car, and his car covered that distance in one second. Because, according to El, four car-lengths is 60 feet, and it took his car one second to cover that distance, he was traveling 60 feet per second, or about 45 miles per hour. *Id*. El makes this argument in his attempt to show that "[t]here is material evidence that [Lee] lied when he said that he stopped [El] for speeding." *Id.* While creative, and dependent on inferences difficult to draw from the video, this is not evidence of fraud. At most it questions Lee's credibility or the reliability of his radar, issues that the jury necessarily resolved in Lee's favor.

## IV. CONCLUSION

For the reasons stated above, Lee's motion for summary judgment (Doc. 25) is **GRANTED**.

**SO ORDERED**, this 2nd day of February, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT