IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| YONAH EL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:19-CV-74 (MTT) |
| | ) |
| CHRISTOPHER THOMAS LEE, | ) |
| | ) |
| Defendant. | ) |

### ORDER

Plaintiff Yonah El has moved for the Court to reconsider its Order granting Defendant Christopher Thomas Lee's motion for summary judgment (Doc. 35). Doc. 37. El's motion is **DENIED**.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

El has not pointed to any change in the law, newly discovered evidence, or clear error in the Court's previous Order.  Instead, El argues that Houston County State Court Judge Jason Ashford has not complied with a subpoena requesting either the transcript from his underlying criminal trial or the contact information of the attending court reporter.  Doc. 37 at 2.  With this transcript, according to El, he will be able to show his conviction was procured by fraud.  *Id.* at 6.  However, El's argument does not raise a proper ground for a court to reconsider a previous order.  *See, Bingham*, 2010 WL 339806, at *1.  Instead, El should have timely sought to enforce his alleged subpoena.[1]

Even assuming El's argument is proper, it would not change the Court's *Heck* analysis, which—independent of the analysis El challenges in his motion for reconsideration—found that his claim is barred.  Doc. 35 at 5-7.  Nothing El argues in his motion for reconsideration changes the fact that he opted to file this civil lawsuit instead of having his underlying criminal conviction reviewed.  Doc. 12 at 6; *Reilly v. Herrera*, 622 F. App'x 832, 834 (11th Cir. 2015); *Vickers v. Donahue*, 137 F. App'x 285, 290 (11th Cir. 2005).  Accordingly, even accepting El's argument, *Heck* still bars El's claims.

Because of the reasons stated above, El's motion for reconsideration (Doc. 37) is **DENIED**.

**SO ORDERED**, this 7th day of April, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] "[T]he serving party may move the court for the district where compliance is required for an order compelling production or inspection."  Fed. R. Civ. P. 45 (d)(2)(B)(i).